IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHAZZ GONZALEZ, | § | |
|         Plaintiff, | § | |
| V. | § | |
| | § | |
| VOLKSWAGEN GROUP OF AMERICA, | § | A-14-CV-574-LY-ML |
| INC., AND VOLKSWAGEN, AG, | § | |
|         Defendants, | § | |
| | § | |

**ORDER GRANTING MOTION TO COMPEL**

Before the Court is the above-referenced case. Plaintiff's Motion to Compel [Dkt. #21] and all related filings have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. On Wednesday, August 26, 2015, the parties appeared through counsel and presented argument on the Motion to Compel. After considering the argument and briefing of the parties, the relevant law, and the case file as a whole, the Magistrate Court enters the following Opinion and Order.

**I. Background**

This lawsuit is a products liability case alleging defects in the safety restraint system of a 2002 Volkswagen Passat. Mot. Compel [Dkt. #21] at 1. The dispute before the Magistrate Court concerns seventeen requests for production propounded by Plaintiff to Defendant, Volkswagen Group of America, Inc. ("VGoA"), and separately propounded by Plaintiff to Defendant, Volkswagen, AG ("VWAG"). *Id.* at Ex. 1, Ex. 2. Both VGoA and VWAG (collectively, "the Volkswagen Defendants" or "Volkswagen") have responded separately to the Requests for Production. *Id.* At the hearing, Plaintiff's counsel (with the consent of Volkswagen's counsel)

1

produced each of Defendants' separate First Supplemental Responses to Plaintiff's Requests for Production for the Magistrate Court's review.  Plaintiff initially alleged Defendants' responses were untimely and insufficient in general, *see generally* Mot. Compel [Dkt. #21], and raised several alleged deficiencies in specific responses for the first time in his reply briefing.  *See generally* Reply [Dkt. #28].  Plaintiff raised additional alleged deficiencies in specific responses at the August 26, 2015 hearing.  Volkswagen did not object, and the Magistrate Court provided Volkswagen's counsel the opportunity at the hearing to respond to each of the alleged deficiencies raised by Plaintiff in all of the briefing and argument presented to the Court.  As both parties have been heard on each of Plaintiff's objections to Defendants' discovery responses, the Magistrate Court will address each of the deficiencies alleged by Plaintiff below.

## II. Analysis

Parties are entitled to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . .." FED. R. CIV. P. 26(b)(1).  Relevance, for discovery purposes, is not limited to evidence which is admissible at trial, but includes discovery which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The party opposing discovery bears the burden to "show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

### A. Defendants' Cross-Referenced Answers

The Volkswagen Defendants have cross-referenced each other's discovery responses (e.g., "Plaintiff is directed to VWAG's response to this request"), to reflect the fact that VWAG, as the manufacturer of the Passat, would be expected to have design and manufacturing-related information and VGoA, as the importer/distributor, would be expected to have materials supplied

to consumers, American regulatory agencies, and investigative materials regarding Plaintiff's accident and other similar crashes. Resp. to Mot. Compel [#23] at 1-2. Though Plaintiff complains the cross-referenced answers are inadequate, the Magistrate Court finds Defendants' approach is not deficient in and of itself.

The Magistrate Court will consider each Defendant to have made the response, including the objections, made in full by the co-Defendant and incorporated by reference into the Defendant's responses in this manner. Defendants are cautioned, however, that the requests for production were propounded to each company individually. In other words, a blanket statement from VGoA that "Plaintiff is directed to VWAG's response to this request" (or vice versa) does not excuse VGoA from making a reasonably diligent search for responsive documentation within its own organization (and vice versa). *See* FED. R. CIV. P. 26 (e), (g). For this reason, when an objection to discovery is overruled and the Magistrate Court orders production of the requested information, this order is specifically directed to "Defendants" even where the objection discussed was lodged by one Defendant and merely incorporated by the other.

### B. General Objections

Both VGoA and VWAG have asserted a number of "General Objections" prefacing their individual discovery responses, which Defendants purport to incorporate by reference into each individual response. Such general objections have long been disfavored by federal courts. *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (collecting cases). In particular, "the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery" has been found ineffective to preserve the objection. *Id.* (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 666-67 (D. Kan. 2004)). Such general objections "are considered mere 'hypothetical or contingent possibilities' where the objecting party makes 'no

meaningful effort to show the application of any such theoretical objection to any request for discovery.'" *Heller*, 303 F.R.D. at 483 (citing *Sonnino*, 221 F.R.D. at 666-67). In this case, VGoA's General Objections 4, 5, 6 and VWAG's identical General Objections 5, 6, and 7 are hypothetical "to the extent" objections, and are therefore OVERRULED.

### i. General Objection Is Not Effective To Assert Privileges

In particular, VGoA's General Objection 5 and VWAG's identical General Objection 6, which purport to object to any and all requests for production "to the extent that [unspecified requests] seek material protected by the attorney client privilege . . . and/or any other applicable privilege," are not a proper method for withholding privileged information under the Federal Rules. To withhold material pursuant to a claim of privilege, the withholding party must expressly claim the privilege and describe the nature of the withheld information in a manner that will enable the other party to assess the privilege claim. FED. R. CIV. P. 26(b)(5). VGoA and VWAG are not entitled to withhold privileged materials on the basis of their General Objection 5.

If any materials have been withheld on grounds of privilege from the productions made to date, Defendants VGoA and VWAG are each ORDERED to make the privilege disclosures required by Rule 26(b)(5) within **10 calendar days** of the entry of this Order. Defendants are FURTHER ORDERED to supplement those privilege claims, as necessary, in a timely manner throughout discovery as required by Rule 26(e).

### ii. General Objection Regarding "German Privacy Law" Must Be Asserted With Specificity as to Each Item Withheld or Redacted.

VWAG makes the general objection that it "must abide by privacy and data-protection laws in effect in Germany. Thus, names, addresses, and telephone numbers and other personally

identifiable information will be redacted on documents being produced in response to Requests." VWAG General Objection 3.  VWAG specifies no German law and describes no specific legal rule in support of this general redaction notice.  It strikes the Magistrate Court that personally identifiable information is largely nonresponsive to the narrowly tailored requests made by Plaintiffs, and therefore this general objection by VWAG is, for the most part, moot.  If, however, VWAG desires to redact or withhold information responsive to Plaintiff's requests on the basis of German privacy law, it is ORDERED that VWAG specify this ground for withholding in the same manner as any claim of privilege outlined in Federal Rule of Civil Procedure 26(b)(5), including identifying with specificity the German legal rule or statute relied on for the withholding of responsive information.

If any responsive information has been withheld or redacted from VWAG's production to date on these grounds, VWAG is ORDERED to assert its grounds for withholding and describe the information withheld within **10 calendar days** of the entry of this Order.  The Magistrate Court further notes that VGoA, an American company, has not claimed and does not appear entitled to rely on German privacy law to redact responsive information from its responses to Plaintiff's requests for production.

    *iii.*  *General Objection Limiting Relevant Time Frame is Overruled*

VGoA and VWAG have made the additional general objection that the relevant time frame for the requested discovery should be limited to Passat model years 2001-2005, "as these vehicles are the only vehicles that are substantially similar in relevant respects to the 2002 Volkswagen Passat vehicle at issue in this litigation."  VGoA General Objection 3, VWAG General Objection 4.  Yet Plaintiff asserts, and Defendants have not contested, that "The Volkswagen Passat (Version B) was produced from 1996 to 2005."  Reply [Dkt #28] at 3.  In

fact, at the August 26, 2015 hearing, counsel for the Volkswagen Defendants informed the Magistrate Court that many of the engineering and design documents sought by Plaintiff were not available because they would most likely have been created at or near the time the Passat was initially designed and manufactured in 1994.

The Magistrate Court heard argument referencing multiple dates, from 1994 to 1998, as the initial design and manufacture phase for a Passat model that both parties agree remained substantively similar in its design specifications through model year 2005. Because the information currently available in this case suggests the Passat design from its inception in the mid-1990's up until 2005 was substantively similar to the Passat design at issue in Plaintiff's particular case, the Magistrate Court OVERRULES VGoA's General Objection 3 and VWAG's General Objection 4.

It is ORDERED that, with regard to each of Plaintiff's requests for production, Defendants shall collect and provide any responsive documents in their possession or control, dating from the initial design and manufacture of the Passat through model year 2005. Defendants are ordered to make supplemental production of these documents within **30 calendar days** of the entry of this Order.

### C. Specific Objections

Both VGoA and VWAG have responded to individual discovery requests by agreeing to provide any responsive documents (subject to their specific objections) "[u]pon the entry of a proper protective order." Mot. Compel [Dkt #21] Ex. 1, VGoA Resp. to Request for Production 14; Ex. 2, VWAG Resp. to Requests for Production 1, 3-7, 10-11, 16-17. The Magistrate Court notes that Defendants each made this representation on June 25, 2015, approximately eight weeks before the entry of an agreed protective order in this case. *Id.*; *see also* Confidentiality

and Proctective Order [Dkt. #33], filed August 19, 2015.  The Magistrate Court therefore expects that diligent efforts to collect and prepare all documents subject to these representations have already been underway for some time, and there will be no delay in producing them now that an appropriate protective order is in place.  For this reason, Defendants are ORDERED to make all necessary supplemental document production within **30 calendar days** of the entry of this Order.

> *i. Requests for Production 3, 4, and 5*

With regard to specific objections, Plaintiff argues that Defendants have improperly limited their responses to several requests that involve terms of art defined by industry usage.  Reply [Dkt. #28] at 2-3.  Specifically, Plaintiff contends the phrase "design performance standards," as used in Requests for Production 3, 4, and 5, refers to the "standard practice in the industry" of a vehicle manufacturer providing third party suppliers with specifications for the performance of a component system that is being outsourced to those suppliers.  *Id.* at 2.  VWAG (whose objections to the use of this phrase have been incorporated by VGoA) has not provided any rebuttal to this argument, and therefore its objection that the phrase "design performance standards" as used in Requests 3, 4, and 5 is "overly broad, vague, ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence," Mot. Compel [Dkt. #21], Ex. 2, is OVERRULED.

Defendants are ORDERED TO PRODUCE, within **30 calendar days** of the entry of this Order, any "design performance standards," as that term is commonly understood in the automobile manufacturing industry, that are responsive to Requests for Production 3, 4, and 5, from the inception of the Passat's design and manufacture up to and including model year 2005.

The Magistrate Court further notes that VWAG has agreed, subject to its objections to Requests 3, 4, and 5, to produce "documentation of the FMVSS 208 testing of the subject model

vehicle as defined in No. 4 to General Objections." Mot. Compel [Dkt. # 21], Exhibit 2. Defendants have thus conceded the FMVSS 208 testing documentation offered by VWAG is responsive to Requests for Production 3, 4, and 5. *Id.* Defendants' production, however, is improperly limited to the model years 2001-2005. *Id.*

Defendants are ORDERED TO SUPPLEMENT, within **30 calendar days** of the entry of this Order, their production of FMVSS 208 testing documentation to include FMVSS 208 testing documentation dating from the initial design and manufacture of the Passat through model year 2005.

### ii. Requests for Production 6 and 7

Requests for Production 6 and 7 ask for "test reports, videos, images, data, or results for any testing in your possession, custody, or control examining performance of [the component]." Mot. Compel [Dkt. #21], Ex. 1, 2. Plaintiff contends manufacturer relationships with third party suppliers in the automobile industry typically include "an entire series of engineering and design steps," Reply [Dkt #28] at 2, including not only exchange of the manufacturer's design performance standards, but also exchange of the third party supplier's design verification plan "demonstrating how the component is verified to meet the performance standard." *Id.* Plaintiff contends the third party's design verification plan typically includes test results demonstrating the performance of the components. *Id.*

The Magistrate Court finds requests for production 6 and 7 fairly cover this type of material. The phrases "any test reports . . . examining performance of [the component]" and "any test results . . . examining performance of [the component]" are narrowly tailored to discover Volkswagen's knowledge of the development and design of the restraint system at issue in this suit. Therefore, VWAG's objections (incorporated by VGoA) that the phrases "any test

reports" and "any testing" as used in Requests 6 and 7 are "overly broad, vague, ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence," Mot. Compel [Dkt. #21], Ex. 2, are OVERRULED.

Defendants are ORDERED TO PRODUCE, within **30 calendar days** of the entry of this Order, all test reports, videos, images, data, or results for testing examining the performance of the component parts identified in Requests 6 and 7, dating from the initial design and manufacture of the Passat through model year 2005.

### iii. Requests for Production 10, 11, and 12

VWAG (whose objection is incorporated by VGoA), has objected to the phrase "any supplier agreement" in Requests 10, 11, and 12 as "overly broad, vague, ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence," Mot. Compel [Dkt. #21], Ex. 2. VWAG has agreed, subject to this objection, to supply the "nomination letter(s) or similar documentation" for its suppliers "as defined in No. 4 to General Objections." *Id.* At the hearing, counsel for the Volkswagen Defendants represented that the "nomination letter" represents the "relationship documents" setting out the terms of the agreement between the supplier and the manufacturer. Consistent with this understanding, the Magistrate Court OVERRULES the objection that VWAG's production of "nomination letter(s) or similar documentation" should be limited to the time period 2001-2005 as specified in General Objection No. 4

Defendants are ORDERED TO PRODUCE, within **30 calendar days** of the entry of this Order, existing nomination letters or similar "relationship documents" with third party suppliers of the component parts identified in Requests 10, 11, and 12, dating from the initial design and manufacture of the Passat through model year 2005.

       *iv.  Request for Production 14*

Plaintiff objects that the Volkswagen Defendants have been unfairly evasive with respect to Plaintiff's Request No. 14 for "lawsuits, claims, customer complaints, field reports, or similar incidents where it was alleged that the front passenger airbag or seat system failed to adequately protect an occupant in the subject model vehicle."  Reply [Dkt. # 28] at 3 (noting that "the VW Defendants and the supplier have methods for monitoring warranty performance and field failures. . . . [G]iven that the Passat model involved was manufactured for nearly 10 years, there should be volumes of information examining customer complaints, warranty returns, failure analysis, and other similar information.")  VGoA has objected (and its objection has been incorporated by VWAG) "to the extent information regarding crash events dissimilar to the subject incident is requested." Mot. Compel [Dkt. #21], Ex. 1.  Subject to this objection, VGoA has stated "a list of claims, if there are any, for relevant vehicles as stated in General Objection No. 4 will be provided for right-front seated passengers in frontal crashes."  *Id.*  In its Supplemental Responses, produced at the hearing, VGoA claims "There are no lawsuits, claims, or customer complaints in which it is claimed that a properly restrained right-front occupant moved forward and over the airbag at the time of deployment and suffered an injury."  VGoA's First Supplemental Responses to Plaintiff's First Request for Production (introduced at the August 26, 2015 hearing).

As Plaintiff's counsel argued at the hearing, this response is inadequate—first, because it limits the time frame of the search to 2001-2005, instead of including all Passat model years up to and including 2005.  *Id.*  Further, the response examines only lawsuits, claims, and customer complaints—it does not include field reports or any other quality control analysis. *Id.*  Finally, the response defines the field of relevant incidents far too narrowly. Discovery is allowed into

any matter that reasonably may be expected to lead to admissible evidence. FED. R. CIV. P. 26(b)(1). Evidence of other product failures may be admissible—and highly relevant—in products liability cases if there is substantial similarity between the prior events and the accident in question. *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082-1083 (5th Cir. 1986). "Substantial similarity does not require an exact match." *Green v. Schutt Sports Mfg. Co.*, 369 F. App'x. 630, 638 (5th Cir. 2010).

The Magistrate Court finds Plaintiff's request for reports of "incidents where it was alleged that the front passenger airbag or seat system failed to adequately protect an occupant in the subject model vehicle" is narrowly tailored to lead to the discovery of evidence of potentially admissible, substantially similar events. Defendants' objection to the scope of this request and attempt to narrow the criteria to identical accident circumstances is OVERRULED.

Defendants are ORDERED TO PRODUCE, within 30 calendar days of the entry of this Order, documents sufficient to disclose any lawsuits, claims, customer complaints, field reports, or similar incidents where it was alleged that the front passenger airbag or seat system failed to adequately protect an occupant in the subject model vehicle, dating from the initial design and manufacture of the Passat through model year 2005.

> *v. Requests for Production 16 and 17*

Plaintiff objects that Defendants have similarly improperly narrowed Requests 16 and 17, concerning engineering change notices, to include only "available ***drawings*** in VWAG's possession, which would also indicate any design or engineering changes." VWAG's First Supplemental Responses to Plaintiff's First Request for Production (introduced at the August 26, 2015 hearing) (emphasis added). Plaintiff argued at the hearing that an "engineering change notice" is another industry term of art that refers to specific documentation exchanged between a

11

third party supplier and a manufacturer to explain that a component needs to be changed and detailing what the change is and why it is needed.  Defendants did not rebut this contention.  Therefore, Defendant VWAG's objection (incorporated by VGoA) that the phrase "any engineering change notice(s)" as used in Requests 16 and 17 is "overly broad, vague, ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence," Mot. Compel [Dkt. #21], Ex. 2, is OVERRULED.

Defendants are ORDERED TO PRODUCE, within 30 calendar days of the entry of this Order, any engineering change notices, as that term is commonly understood in the industry, that are responsive to Requests for Production 16 and 17, dating from the initial design and manufacture of the Passat through model year 2005.

### III.  Conclusion

For the reasons outlined above,

VGoA's General Objections 4, 5, 6 are OVERRULED.

VWAG's General Objections 5, 6, and 7 are OVERRULED.

It is ORDERED that, if any materials have been withheld on grounds of privilege to date, Defendants VGoA and VWAG shall make the privilege disclosures required by Rule 26(b)(5) within **10 calendar days** of the entry of this Order.

It is FURTHER ORDERED that if Defendant VWAG has redacted or withheld information responsive to Plaintiff's requests on the basis of German privacy law from its production to date, VWAG must specify this ground for withholding in the same manner as any claim of privilege outlined in Federal Rule of Civil Procedure 26(b)(5), including identifying with specificity the German legal rule or statute relied on for the withholding of responsive

information and describing the information withheld with sufficient particularity to allow Plaintiff to evaluate the validity of the claim, within **10 calendar days** of the entry of this Order.

It is FURTHER ORDERED that Defendants VGoA and VWAG shall each supplement their privilege claims (including any claims made on the basis of German privacy law) as necessary in a timely manner throughout discovery, as required by Rule 26(e).

It is FURTHER ORDERED that, with regard to each of Plaintiff's requests for production, Defendants shall collect and provide any responsive documents in their possession or control, dating from the initial design and manufacture of the Passat through model year 2005, within **30 calendar days** of the entry of this Order.

It is FURTHER ORDERED that Defendants' objection that the phrase "design performance standards" as used in Plaintiff's Requests for Production 3, 4, and 5 is "overly broad, vague, ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence," is OVERRULED.

Defendants are ORDERED TO PRODUCE, within **30 calendar days** of the entry of this Order, any "design performance standards," as that term is commonly understood in the industry, that are responsive to Requests for Production 3, 4, and 5, dating from the initial design and manufacture of the Passat through model year 2005.

Defendants are further ORDERED TO SUPPLEMENT, within **30 calendar days** of the entry of this Order, their production of the FMVSS 208 testing documentation originally provided in response to Requests for Production 3, 4, and 5, to include any responsive FMVSS 208 testing documentation dating from the initial design and manufacture of the Passat through model year 2005.

IT IS FURTHER ORDERED that Defendants' objections that the phrases "any test reports" and "any testing" as used in Requests 6 and 7 are "overly broad, vague, ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence," are OVERRULED.

Defendants are ORDERED TO PRODUCE, within **30 calendar days** of the entry of this Order, all test reports, videos, images, data, or results for testing examining the performance of the component parts identified in Requests 6 and 7, dating from the initial design and manufacture of the Passat up to and including model year 2005.

IT IS FURTHER ORDERED that Defendants' objection that VWAG's production of "nomination letter(s) or similar documentation" in response to Requests for Production 10, 11, and 12 should be limited to the time period 2001-2005 as specified in General Objection No. 4 is OVERRULED.

Defendants are ORDERED TO PRODUCE, within **30 calendar days** of the entry of this Order, existing nomination letters or similar "relationship documents" with third party suppliers of the component parts identified in Requests 10, 11, and 12, dating from the initial design and manufacture of the Passat through model year 2005.

IT IS FURTHER ORDERED that Defendants' objection to the scope of Request for Production 14 and attempt to narrow the criteria to identical accident circumstances is OVERRULED.

Defendants are ORDERED TO PRODUCE, within **30 calendar days** of the entry of this Order, the material identified in Request for Production 14:  documents sufficient to disclose any lawsuits, claims, customer complaints, field reports, or similar incidents where it was alleged that

the front passenger airbag or seat system failed to adequately protect an occupant in the subject model vehicle, dating from the initial design and manufacture of the Passat through model year 2005.

IT IS FURTHER ORDERED that Defendants' objection that the phrase "any engineering change notice(s)" as used in Requests 16 and 17 is "overly broad, vague, ambiguous, and not relevant or reasonably calculated to lead to the discovery of admissible evidence," is OVERRULED.

Defendants are ORDERED TO PRODUCE, within **30 calendar days** of the entry of this Order, any "engineering change notices," as that term is commonly understood in the industry, that are responsive to Requests for Production 16 and 17, dating from the initial design and manufacture of the Passat through model year 2005.

SIGNED August 28, 2015,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE